UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1203 RWS |
| ) | |
| ST. LOUIS COUNTY JUSTICE, ) | |
| SERVICES, et al. ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Walls' motion for appointment of counsel [#61]. The motion will be denied. Additionally, Walls has failed to timely reply to Defendants' pending motion for summary judgment. Because he is incarcerated, I will give Walls until May 8, 2006, to respond to the motion for summary judgment.

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, I believe that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Walls' motion for appointment of counsel [#61] is **DENIED**.

**IT IS FURTHER ORDERED** that Walls shall respond to Defendants' motion for summary judgment no later than **May 8, 2006**.

Dated this 7th day of April, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE